ARENT FOX LLP
Steven E. Bledsoe (State Bar No. 157811)
David G. Bayles (State Bar No. 208112)
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
Email:  bledsoe.steven@arentfox.com
Email:  bayles.david@arentfox.com

Anthony V. Lupo (Admitted *Pro Hac Vice*)
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: 202.857.6000
Facsimile:   202.857.6395
E-mail:  lupo.anthony@arentfox.com
Attorneys for Plaintiff
THE HEBREW UNIVERSITY OF JERUSALEM

DAVIS WRIGHT TREMAINE LLP
Kelli L. Sager (State Bar No. 120162)
Lisa Kohn (State Bar No. 260236)
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:   (213) 633-6899
Email:  kellisager@dwt.com
Email:  lisakohn@dwt.com

Attorneys for Defendant GENERAL MOTORS COMPANY

(Counsel continued on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE HEBREW UNIVERSITY OF JERUSALEM,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY,<br><br>Defendant. | Case No.  CV10-3790-AHM (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 3, 5.2(b), and 6.3]** |
|---|---|

(Counsel continued from previous page)

DAVIS WRIGHT TREMAINE LLP
Stephen M. Rummage (admitted pro *hac vice*)
Ambika K. Doran (admitted *pro hac vice*)
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 757-8136
Facsimile: (206) 757-7136
Email: steverummage@dwt.com
Email: ambikadoran@dwt.com

Attorneys for Defendant GENERAL MOTORS COMPANY

## STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that it affords protection only to the limited information or items entitled to treatment as confidential under applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that the parties must follow and reflects the standards that the Court will apply when a party seeks permission from the Court to file material under seal.

### 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, insurers, and outside counsel (and their support staff), and any indemnitor providing a defense in this action on behalf of a party.

2.2  **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  **"Confidential" Information or Items**: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under either FRCP 26(c) or the definition of "trade secret" identified in California Civil Code § 3426.1, which provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Among other things, the parties anticipate that that Confidential Information will include financial information (such as insurance policies, financial statements, and other records of income and expenses), as well as other commercial information that has value by virtue of its non-public nature, such as customer information.

2.4  **"Highly Confidential – Attorneys' Eyes Only" Information or Items**: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury, including competitive injury, that could not be avoided by less restrictive means.

2.5  **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6  **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7  **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel, as well as their support staffs.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in settings other than open court, that might reveal Protected Material.

4.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it appears that substantial portions of the testimony may qualify for protection, any Party or non-party may invoke on the record (at any time before the conclusion of the deposition) a right to have up to 20 days to identify the specific portions of the testimony as to which the Party or non-party seeks protection and to specify the level of protection being asserted (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1  Only those portions of the testimony that are appropriately designated for
2  protection within the 20 days shall be covered by the provisions of this Stipulated
3  Protective Order.

4  Transcript pages containing Protected Material must be separately bound by
5  the court reporter, who must affix to the top of each such page the legend
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
7  ONLY," as instructed by the Party or non-party offering or sponsoring the witness
8  or presenting the testimony.

9  (c) <u>for information produced in some form other than documentary, and
10 for any other tangible items</u>, that the Producing Party affix in a prominent place on
11 the exterior of the container or containers in which the information or item is stored
12 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
13 EYES ONLY." If only portions of the information or item warrant protection, the
14 Producing Party, to the extent practicable, shall identify the protected portions,
15 specifying whether they qualify as "Confidential" or as "Highly Confidential –
16 Attorneys' Eyes Only."

17  5.3  <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate
18 qualified information or items as "Confidential" or "Highly Confidential –
19 Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's
20 right to secure protection under this Order for such material. If material is
21 appropriately designated as "Confidential" or "Highly Confidential – Attorneys'
22 Eyes Only" after the material was initially produced, the Receiving Party, on timely
23 notification of the designation, must make reasonable efforts to assure that the
24 material is treated in accordance with the provisions of this Order.

25  **6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**
26  6.1  <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
27 Party's confidentiality designation is necessary to avoid foreseeable substantial
28 unfairness, unnecessary economic burdens, or a later significant disruption or delay

of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to assert a challenge promptly after the designation.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the particular confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it first engage in this meet and confer process.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may proceed in accordance with Local Rules 37-1 through 37-4. The burden of establishing the confidentiality in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Disclosure or Discovery Material only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that only the persons authorized under this Order have access.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Court and its personnel;

(b) the author of the document or the original source of the information;

(c) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(f) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)    the Court and its personnel;

    (b)    the author of the document or the original source of the information;

    (c)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (d)    House Counsel and five non-attorney members of House Counsel's legal staff to whom it is reasonably necessary to disclose the information for this litigation;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and,

    (f)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

    (h)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

CV10-3790-AHM (JCx)    - 10 -    STIPULATED PROTECTIVE ORDER

TECH/931495.1

Party, in writing (by fax or e-mail, if possible) immediately.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to move to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material without complying with Civil Local Rule 79-5.

## 11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain a single archival electronic copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: Dec. 10, 2010     **ARENT FOX LLP**

By:___/David G. Bayles/_____
David G. Bayles
Attorneys for Plaintiff
THE HEBREW UNIVERSITY OF JERUSALEM

Dated: Dec. 10, 2010     **DAVIS WRIGHT TREMAINE LLP**

By: __/Stephen M. Rummage/_____
Stephen M. Rummage
Attorneys for Defendant
GENERAL MOTORS COMPANY

**IT IS SO ORDERED.**

DATED: December 28, 2010     _____/s/_____
JACQUELINE CHOOLJIAN
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the action titled *The Hebrew University of Jerusalem v. General Motors Company*, case number CV10-3790-AHM (JCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____