KELLI L. SAGER (SBN 120162)
  kellisager@dwt.com
LISA KOHN (SBN 260236)
  lisakohn@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

STEPHEN M. RUMMAGE (admitted *pro hac vice*)
  steverummage@dwt.com
AMBIKA K. DORAN (admitted *pro hac vice*)
  ambikadoran@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
Telephone:  (206) 757-8136
Facsimile:  (206) 757-7136

Attorneys for General Motors LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HEBREW UNIVERSITY OF JERUSALEM,<br><br>             Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS LLC,<br><br>             Defendant. | Case No. CV10-3790-AHM (JCx)<br><br>**FOR THE PUBLIC FILE**<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY AND REPORT BY PROPOSED EXPERT FERNANDO TORRES AS TO  PROFITS ALLEGEDLY ATTRIBUTABLE TO THE USE AT ISSUE<br><br>Hearing Date: August 29, 2011<br>Time:         11:00 a.m.<br>Courtroom:   14 |

MOTION IN LIMINE NO. 6 – TORRES

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2011, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable A. Howard Matz in Courtroom 14 of the above-entitled Court, located at 312 North Spring Street, Room 170, Los Angeles, California 90012, defendant General Motors LLC ("GM") will and does move for a motion precluding plaintiff Hebrew University of Jerusalem ("HUJ") from introducing a report of or testimony by proposed expert Fernando Torres, to the extent Mr. Torres intends to testify as to the profits attributable to the allegedly infringing use of Dr. Einstein's likeness. Mr. Torres's opinion in that respect violates Federal Rule of Evidence 702 because it does not rest on reliable principles and methods. Further, it fails to satisfy the legal standards applicable to HUJ's claims.

GM bases this Motion on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Stephen M. Rummage in Support of Motion in Limine No. 6 to Exclude Testimony and Report by Fernando Torres as to Profits Attributable to the Use at Issue ("Rummage Decl. MIL 6"), with Exhibits A-D; all pleadings and records on file in this action; any matters of which the Court may take judicial notice; and such other evidence and/or argument as the parties may present to this Court at the hearing on this Motion.

GM makes this Motion after a conference of counsel that occurred July 27, 2011, and was supplemented by email on July 31, 2011, pursuant to Local Rule 7-3. *See* Rummage Decl. MIL 5 ¶ 2.

DATED: August 1, 2011                DAVIS WRIGHT TREMAINE LLP
                                     STEPHEN M. RUMMAGE
                                     KELLI L. SAGER
                                     AMBIKA K. DORAN
                                     LISA KOHN

                                     By: ___/s/ Stephen M. Rummage___
                                          Stephen M. Rummage
                                     Attorneys for General Motors LLC

1

MOTION IN LIMINE NO. 6 - TORRES

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Hebrew University of Jerusalem ("HUJ") seeks damages for GM's use of Albert Einstein's image in a single ad that ran in People Magazine's "Sexiest Man Alive!" edition in late 2009. In support of its damages claim, HUJ has provided a damages report, prepared by Fernando Torres, purporting to quantify HUJ's damages claim. In that report, Mr. Torres takes two approaches to quantifying damages: he purports to calculate GM's "profit" from the allegedly infringing use of Dr. Einstein's image, which he testified the Court might use as the basis for an order of disgorgement; in addition, he purports to calculate a reasonable license fee, based largely on an examination of allegedly comparable licenses. GM has served a rebuttal report taking issue with Mr. Torres's computations.

In this motion, GM asks for an order in limine excluding Mr. Torres's opinions concerning GM's alleged profits from the infringing use. Federal Rule of Evidence 702 requires that an expert base opinions on "reliable principles and methods." ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ But no academic literature supports such a causal relationship, no court (to GM's knowledge) has accepted such an approach, and no legal principle authorizes such a computation of profits.

GM therefore asks for an order precluding Mr. Torres's testimony concerning GM's profits arising from the allegedly infringing use. Although it believes Mr. Torres's calculation of a reasonable license fee is grossly excessive, it does not seek to exclude his testimony on that topic.

## II. FACTUAL BACKGROUND

On June 6, 2011, HUJ's counsel served GM's counsel with the damages report of Fernando Torres. Mr. Torres summarized his conclusions as follows:

MOTION IN LIMINE NO. 6 - TORRES    1

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



Rummage Decl. MIL 6, Ex. A at 2 (emphasis in original). The balance of Mr. Torres's report elaborated on these conclusions.



Evidence produced after Mr. Torres wrote his report shows the actual cost of the advertisement, which was substantially different than the amount Mr. Torres guessed. Because this Motion deals with Mr. Torres's methodology, the significance of his overestimate (which dramatically affects Mr. Torres's conclusions) lies outside the scope of the Motion.

MOTION IN LIMINE NO. 6 - TORRES

DWT 17755441v1 0053349-000079

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*See* Rummage Decl. MIL 6, Ex. A at 9 (Table 1). 

If the Court excludes Mr. Torres's testimony on profits, Mr. Torres could not testify to his "assumed" split of profits between licensor and licensee. But if the Court denies this motion, GM will object to testimony on any "assumed" split of profits. The Federal Circuit this year rejected a "rule of thumb" that patent licensors and licensees negotiate for the licensee to "pay a royalty rate equivalent to 25 per cent of the expected profits for the product that incorporates the IP at issue." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312 (Fed. Cir. 2011) (quotation omitted). The court found the 25% rule of thumb inadmissible "because it fails to tie a reasonable royalty base to the facts of the case at issue." 632 F.3d at 1315.

3

MOTION IN LIMINE NO. 6 - TORRES

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

[redacted]

GM now moves for an order in limine precluding Mr. Torres from testifying as to revenues, gross profits, or net profits from the People Magazine advertisement.

### III. ARGUMENT

"The most common measure of damages in right of publicity cases is the commercial or fair market value of the endorsement or the reasonable fee the infringer should have paid to use plaintiff's name or likeness." 1-2B Gilson on Trademarks § 2B.08. GM has no objection to Mr. Torres's testimony concerning his assessment of the fair market value of Dr. Einstein's image, in light of actual uses of that image for advertising in the automobile industry.[3]

But GM does object, and asks the Court to exclude, Mr. Torres's opinion concerning revenues and profits attributable to the single advertisement in question. Federal Rule of Evidence 702 requires that an expert rest his opinion on "reliable principles and methods." "The test under *Daubert* [*v. Merrill Dow Pharm.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)] is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citation omitted). And "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 139 L. Ed. 2d 508, 118 S. Ct. 512 (1997).

Here, the Court should conclude that Mr. Torres has not bridged the gap between data and opinion in three important ways:

---

[3] As GM explains in its Motion in Limine No. 1, GM and the experts apparently do *not* have complete data concerning the licensing of Dr. Einstein's image for use in vehicle advertising—because HUJ chose not to produce the relevant licenses.

MOTION IN LIMINE NO. 6 - TORRES 4 DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899
DWT 17755441v1 0053349-000079

*First*, Mr. Torres cites no basis for his fundamental premise, i.e., ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[4] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Mr. Torres relies on his own *ipse dixit*, which this Court should not accept. *See Joiner*, 522 U.S. at 146.

*Second*, Mr. Torres did not take into account the variables he conceded would affect any relationship between advertising and sales. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[4] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Mohan K. Menon, Louis E. Boone, and Husdon P. Rogers, "Celebrity Advertising: An Assessment of Its Relative Effectiveness," University of Central Arkansas, Society for Marketing Advances research paper No. 4 2001). But that article concludes that "the results from this study do not support the view that using celebrity advertising is more believable or effective than non-celebrity advertising for the brands tested in this study," thus suggesting that celebrity ads do *not* enhance demand.

5

MOTION IN LIMINE NO. 6 - TORRES

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3 ▇▇▇▇▇▇▇▇ GM intended this ad "to assist in building brand awareness among women." Rummage Decl. MIL 6, Ex. D (excerpts from GM's Responses and Objections to HUJ's Third Set of Interrogatories, Int. No. 22). (A GM advertising manager confirmed GM "wouldn't have had any expectation that this ad would be tied to sales." *Id.* Ex. C (Kubitskey Dep. 38:18-23).) And GM (and its dealers) engaged in a wide variety of other types of advertising:

> GM paid for a wide variety of advertising in various media, including national television and radio, print media such as magazines and newspapers, the Internet, direct mail, promotions, billboards and other "out of home" advertising, and point-of-sale materials distributed by GM to its dealers. GM also marketed the 2010 GMC Terrain through press releases and vehicle displays and demonstrations. ... Further, apart from GM's marketing efforts, dealers separately marketed the 2010 GMC Terrain through a wide variety of activities, including advertising on local television and radio, in local newspapers and magazines, on the Internet (including dealer websites), through direct mail, and with local promotions, as well as other efforts within each dealer's discretion. Finally, consumers became aware of, and were encouraged to purchase, the Terrain in countless other ways, including word-of-mouth, individual social media, and simply seeing the Terrain on roadways and in parking lots.

*Id.* Ex. D. Mr. Torres admitted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6

MOTION IN LIMINE NO. 6 - TORRES
DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



MOTION IN LIMINE NO. 6 - TORRES

DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  [REDACTED]
2
3
4
5
6
7
8
9
10

11    Motions seeking exclusion of expert opinions turn on their facts. But courts have shown no hesitation to exclude damages or economic experts who base their conclusions on averages and broad conclusions rather than the facts of the case. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312-16 (Fed. Cir. 2011) (reversing for new trial on damages based on erroneous admission of damages testimony positing "rule of thumb" for valuing patent licenses based on failure to tie testimony "to the facts of the case"); *Am. Booksellers Assn., Inc. v. Barnes & Noble, Inc.*, 135 F.Supp.2d 1031, 1041-42 (N.D. Cal. 2001) (rejecting expert testimony in antitrust case because it "contains entirely too many assumptions and simplifications that are not supported by real-world evidence," making causation and damages opinions "entirely too speculative") (citing numerous cases excluding expert economic and damages testimony). *See also Concord Boat v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) (reversing trial court's admission of expert testimony on economic loss causation "because it did not incorporate all aspects of the economic reality of the stern drive engine market and because it did not separate lawful from unlawful conduct").

27 [REDACTED]
28

MOTION IN LIMINE NO. 6 - TORRES

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 17755441v1 0053349-000079

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Because Mr. Torres did not ground his opinion on revenues and profits in the particular facts of this case, the Court should exclude it.

## IV. CONCLUSION

For these reasons, GM respectfully requests the Court enter an order precluding HUJ from introducing the report of or testimony by Fernando Torres on the subject of revenues or profits allegedly derived by GM from the advertisement using the image of Dr. Einstein's head.

DATED: August 1, 2011

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
STEPHEN M. RUMMAGE
AMBIKA K. DORAN
LISA KOHN

By: _____/s/ Stephen M. Rummage_____
Stephen M. Rummage

Attorneys for General Motors LLC

9

MOTION IN LIMINE NO. 6 - TORRES
DWT 17755441v1 0053349-000079

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899