1  KELLI L. SAGER (SBN 120162)
     kellisager@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   865 S. Figueroa Street, Suite 2400
3  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
4  Facsimile: (213) 633-6899

5
   STEPHEN M. RUMMAGE (admitted *pro hac vice*)
6    steverummage@dwt.com
   AMBIKA K. DORAN (admitted *pro hac vice*)
7    ambikadoran@dwt.com
   DAVIS WRIGHT TREMAINE LLP
8  1201 Third Avenue, Suite 2200
   Seattle, Washington 98101
9  Telephone: (206) 757-8136
   Facsimile: (206) 757-7136
10

11 Attorneys for General Motors LLC

12 ARENT FOX LLP
   Roy Z. Silva (SBN 137483)
13 David G. Bayles (State Bar No. 208112)
   555 West Fifth Street, 48th Floor
14 Los Angeles, CA 90013-1065
   Telephone: 213.629.7400
15 Facsimile:  213.629.7401
   Email: silva.roy@arentfox.com
16 Email: bayles.david@arentfox.com

17
   Attorneys for Plaintiff THE HEBREW
18 UNIVERSITY OF JERUSALEM

19

20                 **UNITED STATES DISTRICT COURT**

21                 **CENTRAL DISTRICT OF CALIFORNIA**

22  THE HEBREW UNIVERSITY OF            ) Case No.:  CV 10-3790 AHM (JCx)
    JERUSALEM,                          )
23                                      )
                   Plaintiff,           ) **JOINT STATUS REPORT**
24         v.                           ) **PURSUANT TO MARCH 16, 2012**
                                        ) **ORDER**
25  GENERAL MOTORS LLC,                 )
                                        )
26                                      )
                   Defendant.           )
27  _____)

28

JOINT STATUS REPORT - 1
DWT 19257308v2 0053349-000079

Plaintiff Hebrew University of Jerusalem ("HUJ") and Defendant General Motors LLC ("GM") submit this Joint Status Report pursuant to the Court's March 16, 2012, Minute Order (the "Minute Order"), which requires the parties to identify "(1) which pending motions *in limine* still need to be resolved, and (2) in which sequence they should be resolved, given that a ruling in one could moot the need to rule on another," and to report on the status of settlement negotiations.  Dkt. 138.

### A. Motions *in Limine* Affected by Summary Judgment Order

The Court's Summary Judgment Order (the "Order") appears to have resolved, or made unnecessary, the following motions *in limine*:

1. The Order dismisses HUJ's claim under the Lanham Act.  HUJ intended to support its Lanham Act claim with evidence of credits to HUJ on prior uses of Dr. Einstein's image for advertising or marketing purposes.  By making that evidence unnecessary, GM believes the Order moots Section II.C. of GM's Motion in Limine No. 1 to Exclude Evidence of Licensing Revenue, Agreement, and Credits, Dkt. 85, which seeks a ruling to exclude evidence of credits.

However, HUJ argues in its opposition to GM's Motion in Limine No. 1 that the subject evidence also supports its damages claims and that its expert relied upon it in formulating his analysis.  HUJ's position is that the Order moots the elements of this motion *in limine* related to the Lanham Act claim but the subject evidence is still relevant to damages and the other issues identified in HUJ's opposition and should be considered.

2. The Order holds New Jersey law does not require HUJ to show Dr. Einstein exploited his rights for compensation during his lifetime.  HUJ proposed to offer evidence of Dr. Einstein's alleged exploitation during his lifetime.  By making that evidence unnecessary, the Order is likely dispositive of GM's Motion in Limine No. 3 to Exclude Exhibits Purporting to Show Exploitation of Rights, Dkt. 68.

3. Footnote 5 of the Order noted that HUJ has not made a claim in this action of receiving Dr. Einstein's rights of publicity from Margot Einstein and did

Case 2:10-cv-03790-AHM -JC   Document 139   Filed 03/26/12   Page 3 of 4   Page ID #:2381

not offer any evidence in the summary judgment opposition that Margot Einstein owned the rights at the time of her death. The Order is therefore likely dispositive of GM's Motion in Limine No. 4 to Exclude Evidence of Margot Einstein's Will, Dkt. 67.

    4. The Court's Order on evidentiary issues, Dkt. 136, excluded HUJ's expert Richard Lert and therefore is likely dispositive of GM's Motion in Limine No. 5 to Exclude Testimony and Report by Proposed Expert Richard Lert, Dkt. 66.

### B.    Remaining Motions *in Limine*

Based on the foregoing, the parties request that the Court resolve GM's motions *in limine* Nos. 3, 4 and 5 first, as it appears the Order is dispositive of them.

GM does not believe the Court's ruling on any other motion *in limine* would moot the need to rule on any other motion *in limine*. If the Court decides to rule on the motions sequentially (rather than simultaneously), GM suggests the Court decide the remaining motions *in limine* in the following order:

    1. The remaining portions of GM's Motion in Limine No. 1 to Exclude Evidence of Licensing Revenue, Agreements, and Credits, Dkt. 85;

    2. GM's Motion in Limine No. 6 to Exclude Testimony and Report by Proposed Expert Fernando Torres as to Profits Allegedly Attributable to the Use at Issue, Dkt. 87;

    3. GM's Motion in Limine No. 2 to Exclude Testimony by Undisclosed Witnesses, Dkt. 2;

    4. Motion in Limine No. 1 of Hebrew University of Jerusalem Regarding WIPO Decision, Dkt. 51; and

    5. Motion in Limine No. 2 of Hebrew University of Jerusalem Regarding Correspondence in Other Matter, Dkt. 52.

HUJ believes GM's request above for disposition of the motions *in limine* in a particular order is outside the scope of the Minute Order because none of the motions will "moot" the other as required by the Minute Order.

JOINT STATUS REPORT - 3
DWT 19257308v2 0053349-000079

### C. Status of Settlement Negotiations

The parties engaged in private mediation on January 25, 2011, under the auspices of retired United States District Judge Lourdes Baird. The mediation did not produce a settlement.

The parties are re-evaluating their settlement positions in light of the Order.

GM and its indemnitor, Getty Images (US), Inc., are willing to engage in a further mediation in light of the Court's Order, provided representatives of HUJ (and not merely representatives of its U.S. agent) attend the mediation.

HUJ believes face-to-face mediation session is unnecessary and that Judge Baird could engage with the parties by telephone to determine if further negotiations would be productive.

DATED:  March 26, 2012         DAVIS WRIGHT TREMAINE LLP

By: */s/ Stephen M. Rummage*
    Stephen M. Rummage

Attorneys for Defendant
GENERAL MOTORS LLC

ARENT FOX LLP

By: */s/ David G. Bayles*
    David G. Bayles

Attorneys for Defendant
THE HEBREW UNIVERSITY OF JERUSALEM