Robert C. O'Brien (SBN 154372)
David G. Bayles (State Bar No. 208112)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: obrien.robert@arentfox.com
Email: bayles.david@arentfox.com

Anthony V. Lupo (Admitted *Pro Hac Vice*)
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: 202.857.6000
Facsimile: 202.857.6395
E-mail: lupo.anthony@arentfox.com

Attorneys for Plaintiff
THE HEBREW UNIVERSITY OF JERUSALEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HEBREW UNIVERSITY OF JERUSALEM,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. CV10-3790-AHM (JCx)<br><br>**PLAINTIFF THE HEBREW UNIVERSITY OF JERUSALEM'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON FIRST AMENDMENT DEFENSE**<br><br>Hearing: September 10, 2012<br>Time: 10:00 a.m.<br>Courtroom: 14 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT .................................................................................................. 1
   A. *Comedy III*'s Transformative Test Does Not Apply to Commercial Speech ........................................................................... 1
      1. GM Selectively Quoted *Comedy III* Out of Context .................. 1
      2. GM's Straw Man Argument is Unavailing ................................ 4
   B. Application of the Transformative Use Test Compels Dismissal of GM's Defense .......................................................................... 5
III. CONCLUSION ............................................................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Central Hudson Gas & Electric Corp. v. Public Service Comm'n,*
   447 U.S. 557 (1980) .................................................................................. 1, 4

*ETW Corp. v. Jireh Publishing, Inc.,*
   332 F.3d 915 (6th Cir. 2003) ........................................................................ 6

*Guerrero v. RJM Acquisitions LLC,*
   499 F.3d 926 (9th Cir. 2007) ........................................................................ 6

*Hilton v. Hallmark Cards,*
   599 F.3d 894 (9th Cir. 2010) ........................................................................ 6

*Hoffman v. Capital Cities/ABC, Inc.,*
   255 F.3d 1180 (9th Cir. 2001) ............................................................. 5, 6, 7

**STATE CASES**

*Comedy III Prods. v. Gary Saderup, Inc.,*
   25 Cal. 4th 387 (2001) ........................................................................ passim

*No Doubt v. Activision Publishing, Inc.,*
   192 Cal. App.4th 1018 (2011) ...................................................................... 6

**STATE STATUTES**

Cal. Civil Code § 3344.1 .................................................................................. 3

**RULES**

Fed. R. Civ. P. 50(a) ..................................................................................... 1, 3

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- ii -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

## I. INTRODUCTION

Plaintiff the Hebrew University of Jerusalem ("HUJ") demonstrated in its Rule 50(a) motion that the "transformative use" test, "derive[d] from" the California Supreme Court's decision in "*Comedy III Prods. v. Gary Saderup, Inc.*, 25 Cal. 4th 387 (2001), only applies to non-commercial speech. In its opposition, GM attempts to salvage its *Comedy III* defense by selectively quoting statements from the decision out of context and resorting to "straw man arguments." GM's opposition presents no authority to support the application of the defense to the facts of this case. GM's use of Dr. Einstein's likeness was not transformative— GM simply used Einstein's likeness as the central component of a commercial advertisement of one of its automobiles. HUJ's motion should be granted.

## II. ARGUMENT

### A. *Comedy III*'s Transformative Test Does Not Apply to Commercial Speech.

*1.* **GM Selectively Quoted *Comedy III* Out of Context.**

GM's principal position in its Opposition is that the California Supreme Court in *Comedy III* considered whether it's newly formulated transformative test applied to commercial speech and held that it only does not apply "with respect to commercial speech that falsely implies a celebrity endorsement."[1] (Opp. at 1.) GM argues that absent a situation involving misleading advertisements, commercial speech involving "parody, lampoon, and [which] make[s] other expressive uses of the celebrity image" is still entitled to application of the transformative test. (Opp. at 6 (quoting *Comedy III*, 25 Cal.4th at 403)). GM's position is built entirely by

---

[1] GM's "distinction" between false/misleading commercial speech and non-misleading commercial speech is based on the United States Supreme Court's decision in *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 566 (1980), where it held that false or misleading commercial speech is not protected by the First Amendment while nonmisleading commercial speech is entitled to some protection.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 1 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

language in the *Comedy III* decision taken out of context.

The following passage from *Comedy III* is the sole authority for GM's proposition that only misleading advertisements were carved out of the transformative test: "in the context of commercial speech when the appropriation of a celebrity likeness creates a false and misleading impression that the celebrity is endorsing a product." (Opp. at 5 (quoting *Comedy III*, 25 Cal.4th at 396)). GM then attempts to marry this quote with its argument that "*Comedy III* made clear that a hard and fast rule does ***not*** bar all unconsented uses of celebrity figures in commercial speech; instead, the Court wrote that 'the right of publicity ***may often*** trump the right of advertisers to make use of celebrity figures.'" (Opp. at 5 (emphasis in original) (quoting *Comedy III*, 25 Cal.4th at 396)). There is, however, a very important passage in the *Comedy III* decision missing between the two cited by GM—one that fundamentally alters the understanding of what the California Supreme Court held. The omitted passage, which is highlighted below, makes the slice-and-dice nature of GM's position readily apparent:

> The right of publicity is often invoked in the context of commercial speech when the appropriation of a celebrity likeness creates a false and misleading impression that the celebrity is endorsing a product. Because the First Amendment does not protect false and misleading commercial speech *and because even nonmisleading commercial speech is generally subject to somewhat lesser First Amendment protection*, the right of publicity may often trump the right of advertisers to make use of celebrity figures.

25 Cal.4th at 396 (emphasis added)). Thus, *Comedy III* held that its newly formulated transformative test was inapplicable to both misleading and non-misleading commercial speech. As to misleading speech, the Court found it inapplicable because such speech is not even protected by the First Amendment. As to non-misleading speech, the Court found it inapplicable because such speech is subject to *lesser* constitutional protection than the speech covered by the transformative test.

Indeed, in carefully balancing the particular interests at stake in formulating

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 2 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

its transformative test, the *Comedy III* court commented that the particular interests at stake were those supportive of "noncommercial speech" versus those contained in one's right of publicity. *Id.* at 396-400 ("having recognized the high degree of First Amendment protection for *noncommercial speech* about celebrities, we need not conclude that all expression that trenches on the right of publicity receives such protection" (emphasis added)). Nowhere does GM reconcile its position with the fact that in formulating its transformative test, *Comedy III* took into consideration only those interests protecting "noncommercial speech." *Id.* at 399. GM does not because it cannot.

The difference drawn by the *Comedy III* court between applying its transformative test to noncommercial speech but not commercial speech is also grounded in the manner in which the right of publicity statute, California Civil Code section 3344.1, is written. The statute makes a person liable for either uses of (a) a person's likeness "'on or in' a product" *or* (b) "in 'advertising or selling' a product." *Id.* at 395. As the *Comedy III* court noted, "The two uses are not synonymous . . . there is an obvious difference between 'placing a celebrity's name on a "special edition" of a vehicle, and using that name *in a commercial* to endorse or tout the same or another vehicle.'" *Id.* (emphasis added). GM's claim that "[HUJ's] argument depends on drawing a distinction between products offered for sale and advertisements encouraging sales" is misdirected. (Opp. at 3.) The distinction is one drawn by the right of publicity statute which was seized upon by the *Comedy III* court in formulating its transformative use test.

As noted in HUJ's Rule 50(a) motion, the point that *Comedy III* does not apply to commercial speech has not been lost on the courts. The speech at issue was not commercial speech in any of the seventeen California federal and state cases that have considered *Comedy III*'s transformative test. Nowhere has GM come forward with a case involving commercial speech – be it misleading or non-misleading speech – where the transformative test was applied.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 3 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

It is thus clear that *Comedy III*'s transformative test is only for use in the context of noncommercial speech. There is no special exemption for humorous commercial speech—an advertisement is an advertisement whether it is serious, fanciful, humorous, or otherwise. Because GM's speech in this case was commercial speech—the use of Dr. Einstein's likeness in an advertisement touting its product—GM's sole affirmative defense is legally barred. The Court should dismiss GM's First Amendment defense and exclude all evidence proffered in support thereof.

2.   **GM's Straw Man Argument is Unavailing.**

Realizing the extremely tenuous nature of its position, GM next mischaracterizes HUJ's position as asking the Court "to adopt an inflexible rule that, no matter the context, a transformative use in commercial speech *receives no constitutional protection*." (Opp. at 3 (emphasis added).) That is **not** HUJ's position. Instead, HUJ simply argues that commercial speech such as advertisements promoting or touting a product *are not entitled to protection under Comedy III's transformative test*. This is the only affirmative defense being asserted by GM. Whether there are other First Amendment constitutional tests, such as that articulated in *Central Hudson* which could apply to the commercial speech in this case is not at issue.[2] GM has decided to rest its defense on application of a particular First Amendment test—the transformative use test—a test that simply does not apply to commercial speech.

---

[2] Loss of the transformative test does not mean the absence of any constitutional protection. As *Comedy III* noted, "nonmisleading commercial speech" still receives constitutional protection, but that protection is "generally subject to somewhat lesser First Amendment" protective standards. *Id.* at 396 (citing *Central Hudson*). Indeed, GM notes that "the First Amendment **does** protect commercial speech; courts simply apply different standards. . . ." (Opp. at 3.) That is precisely HUJ's point. The standard applied by the *Comedy III* transformative test is simply not the one that can be applied to pure commercial speech such as the speech at issue in this case. Instead, such pure commercial speech is protected by a different, lesser standard – one that GM has chosen *not* to assert as an affirmative defense.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 4 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

B.  **Application of the Transformative Use Test Compels Dismissal of GM's Defense.**

Assuming that the Court applies the *Comedy III* transformative test (and it should not), GM argues that its commercial advertisement deserves such protection as a matter of law because it transformed Dr. Einstein into a "'sexy' genius" by "juxtapose[ing] . . . the wizened head of an elderly scientist with the well-toned shirtless body of a young man." (Opp. at 2.) On the non-"transformative" quality of mix and matching a celebrity's likenesses, HUJ cited to the factually indistinguishable Ninth Circuit's decision in *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180 (9th Cir. 2001). In that case, a magazine published an article entitled "Grand Illusions," which featured digitally altered images of celebrities from famous films. Specifically, computer artists composed modified shots of various actors and actresses and then superimposed them on models' bodies wearing famous designer fashions. A still shot of Dustin Hoffman's head from the movie "Tootsie" was transposed onto a model's body so that he appeared to be wearing a Richard Tyler evening gown and Ralph Lauren heels. In the course of ruling that the defendant's use of Hoffman's image was protected under the First Amendment, the Ninth Circuit explained its conclusion would have been different had the celebrity's likeness been used in a typical commercial advertisement:

> *If the altered photograph had appeared in a Ralph Lauren advertisement, then we would be facing a case much like those [that have found commercial misappropriation]. But [the magazine] did not use Hoffman's image in a traditional advertisement printed merely for the purpose of selling a particular product. . . . Nor did the article simply advance a commercial message.* "Grand Illusions" *appears as a feature article on the cover of the magazine and in the table of contents. It is a complement to and a part of the issue's focus on Hollywood's past and present. Viewed in context, the article as a whole is a combination of fashion photography, humor, and visual and verbal editorial comment on classic films and famous actors. Any commercial aspects are "inextricably intertwined" with expressive elements, and so they cannot be separated out "from the fully protected whole." "There are common-sense differences between speech that does no more than propose a commercial transaction and other varieties," and common sense tells us this is not a simple advertisement.*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 5 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

*Id.* at 1185-86 (emphasis added). Similarly, here, GM has merely used Dr. Einstein's likeness in a traditional advertisement printed merely for the purpose of selling a particular product.

GM attempts to discount the import of the *Hoffman* decision by arguing that the later Ninth Circuit decision in *Hilton v. Hallmark Cards*, 599 F.3d 894, 912 (9th Cir. 2010) casts doubt on the decision's applicability to the transformative use defense. (Opp. at 13 n.5.) To be clear, *Hilton* did not hold that reliance on *Hoffman* was inappropriate in transformative use cases. Instead, the *Hilton* court simply held that the *Hoffman* court's discussion on transformative use was *dicta*. *Hilton*, 599 F.3d at 912 ("to the extent that *Hoffman* discussed the transformative use defense, the passing footnote was *dictum* and not central to the ultimate holding in the case" (emphasis added).) *Dicta* from a Ninth Circuit opinion remains a permissible basis for authority. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936-38 (9th Cir. 2007) (relying on dictum from Second Circuit and several district court opinions as supportive of its holding). The *Hilton* court's refusal to apply *Hoffman* stemmed in part from *Hoffman* being viewed as *too* protective of the defendant's First Amendment right to speech. *Cf. No Doubt v. Activision Publishing, Inc.*, 192 Cal. App.4th 1018, 1035 n.6 (2011) (citing to *Hilton* and describing *Hoffman*'s holding that use at question in that case was "transformative use" as not "compelling"). That the court in *Hoffman* would nonetheless rule that GM's present conduct is not transformative should speak volumes to the proper resolution of the present issue.

GM's reliance on *ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d 915 (6th Cir. 2003) is misplaced. That case concerned whether a painting containing a collage of images, including a painted depiction of golfer Tiger Woods, was entitled to First Amendment protection. The Sixth Circuit, however, cautioned that the painter's work "[did] not capitalize solely on a literal depiction of Woods." *Id.* at 938. This is precisely what GM has done in this case—the only persona depicted is that of Dr.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1180886.1

- 6 -

HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)

Einstein on a faceless, unidentified image of a young male model. It is for this reason that the Ninth Circuit in *Hoffman* noted that such a "depiction" would not be entitled to protection.

A common sense perspective on GM's advertisement likewise shows that its misappropriation of Dr. Einstein's image was for nothing more than a commercial purpose—to promote brand awareness of the new TERRAIN vehicle, and ultimately, increase sales—and not some "larger meaning" which GM's counsel is attempting to argue *post-hoc*. Dr. Einstein's celebrity persona for towering genius was the central concept used in the advertisement to promote GM's TERRAIN vehicle as smart. There was nothing transformative about GM's use. For many of the same reasons explained by the Ninth Circuit in *Hoffman*, GM's use of Dr. Einstein's likeness was for nothing more than to "propose a commercial transaction"—buying GM's TERRAIN vehicle.

### III. CONCLUSION

For the foregoing reasons, HUJ respectfully requests that the Court grant HUJ's motion for judgment on GM's transformative use defense. *Comedy III* made clear that the transformative test does not apply to commercial speech such as that present in this case—an advertisement promoting GM's automobile—and that even if the test is applied, GM's use of Dr. Einstein's likeness is not transformative. Accordingly, the Court should dismiss GM's last remaining affirmative defense and exclude evidence to the jury offered in support of this affirmative defense.

Dated: August 28, 2012                    ARENT FOX LLP

                                          By:  /David G. Bayles/
                                               David G. Bayles
                                               Attorneys for Plaintiff
                                               THE HEBREW UNIVERSITY OF
                                               JERUSALEM

- 7 -  HUJ REPLY RE: GM'S DEFENSE
CV10-3790-AHM(JCX)
ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
TECH/1180886.1